UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT KRANICK,<br>              Plaintiff, | **COMPLAINT IN**<br>**ADVERSARY PROCEEDING** |
| -against- | Case No. 17-11780-1-rel |
| STANLEY E. KRANICK and KELLY A. KRANICK,<br>              Defendants. | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiff, by and through his attorneys, DeLorenzo, Grasso, Dalmata, LLP, respectfully allege as follows:

1. This is an action to determine the dischargeability of a debt pursuant to 11 U.S.C.A. § 523(a)(2) and is brought as an adversary proceeding in accordance with Federal Rule of Bankruptcy Procedure §§ 4007 and 7001 et. seq.

2. The Defendants, filed a petition under Chapter 7 of the Bankruptcy Code in this court on September 26, 2017 in a case titled In Re: Stanley E. Kranick and Kelly A. Kranick, Case Number 17-11780-1-rel, and, since that day, has been a debtor and subject to the jurisdiction of this court. This court has jurisdiction to hear this action under 28 U.S.C.A. §§ 151, 157(a), (b)(2)(l), and 1334 (b).

3. The Plaintiff, Robert Kranick, is a creditor of the Debtor by reason of debts incurred as a result of the fraudulent conveyance of property located at 5 Windermere Rd., Saratoga NY. A Supreme Court action is pending in the County of Saratoga, under Index No. 2011-3875, to determine this matter.

4. The property, 5 Windermere Rd., Saratoga NY, was fraudulently transferred from the plaintiff to the plaintiff and defendants.

DeLorenzo, Grasso, Dalmata, LLP
670 Franklin Street, Suite 100
Schenectady, New York  12305

5. The defendant, in an attempt to induce the sale of the property for no consideration, convinced the plaintiff to sign a document, which he believed to be a loan document but in reality was the second page of a Deed. This signature was not sworn to or witnessed in the presence of a notary. Thereafter, the defendants produced the signed document to a notary, who unlawfully notarized the document, despite not witnessing the signature.

6. This notary forfeited her license and signed an affidavit attesting to the aforementioned signature.

7. As a result of the signed Deed, the defendants were able to acquire a mortgage on the subject premises, and thereafter abscond with the proceeds from the mortgage.

8. Defendants filed the present petition under Chapter 7 of the Bankruptcy Code, intending to avoid payment of the debt by having it discharged in bankruptcy.

9. The debt acquired by Defendant was by false pretenses, false representations, and intentional fraud are nondischargeable under 11 U.S.C.A. § 523(a)(2)(a) and 11 U.S.C.A. § 723.

10. There is now due and owing on Defendant's indebtedness a total of One Hundred Fifty Thousand ($150,000.00) Dollars in principal and accrued interest continued to accrue at a rate of 9% per month.

WHEREFORE, Plaintiff respectfully requests that this court:

    a. Grant judgment against Defendant in the amount of One Hundred Fifty Thousand ($150,000.00 ) Dollars, plus interest accrued on the amount to the date of payment, plus the costs of this proceeding and the attorney's fees incurred by Plaintiff in this proceeding. OR in the alternative, lift the automatic stay to allow the parties to litigate this matter in Supreme Court, where the action has been pending for over 6 years;

  b. Declare that the amount of the judgment is nondischargeable in bankruptcy under the terms of 11 U.S.C.A. § 523(a)(2); and

  c. Grant such other, further and distinct relief as the court may deem just and appropriate.

DATED: December 19, 2017

               **DeLorenzo, Grasso, Dalmata, LLP**

               By: _/s/Cory Ross Dalmata_
                 Cory Ross Dalmata, Esq.
                 Bar Roll Number: 4656906

               *Attorneys for Plaintiff*
               670 Franklin Street, Suite 100
               Schenectady, New York 12305
               (518) 374-8494